**Richard N. VanCleave,** OSB No. 80392
rvancleave@barran.com
**Brenda K. Baumgart,** OSB No. 99216
bbaumgart@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile:  (503) 274-1212
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DAVID NORMAN and WALTER ROMAS, individually, and on behalf of a class of others similarly situated, | CV. 07-6028-TC |
| Plaintiffs, | **DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| DELL INC., a Texas corporation; and DELL MARKETING USA, L.P., | |
| Defendants. | |

Defendants Dell Inc. and Dell Marketing USA L.P.  (collectively the "Defendants") for

their First Amended Answer to the Plaintiffs' First Amended Complaint  ("Complaint") state as

follows:

Page 1 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

1.

Defendants admit that various subsidiaries of Defendant Dell Inc., including Defendant Dell Marketing USA L.P. ("Dell Marketing"), are in the business of selling high-performance computer products and services. Defendant Dell Inc. denies it employed the Plaintiffs. Defendants also deny the remaining allegations in Paragraph 1.

2.

Defendant Dell Marketing admits it employed some of the named Plaintiffs in Roseburg, Oregon, one of the named plaintiffs in Oklahoma, and two of the named plaintiffs in Texas. Defendants admit that this action purports to assert claims collectively under the Fair Labor Standards Act (the "FLSA") and as a class action under Oregon law. Defendants deny the remaining allegations in Paragraph 2.

3.

Defendants admit that an initial complaint and a first amended complaint have been filed as alleged, and that a number of consent forms have been filed since the original pleading was filed. Defendants deny the remaining allegations in paragraph 3.

4.

Defendants do not deny that Paragraph 4 of the Amended Complaint represents Plaintiffs view of the material changes reflected in the Complaint.

## JURISDICTION AND VENUE

5.

Defendants admit that the FLSA authorizes private rights of action and that this Court has subject matter jurisdiction regarding the named Plaintiffs' claims under the FLSA. Defendant

Page 2 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT

Dell Inc. denies this Court has personal jurisdiction over Defendant Dell Inc.[1]  Defendants deny

the remaining allegations in Paragraph 5.

6.

Defendants deny the allegations in Paragraph 6.

7.

Defendant Dell Marketing admits that it has done business in this District and that venue

is therefore proper with regard to the named Plaintiffs' claims against Defendant Dell Marketing.

Defendant Dell Inc. denies the allegations in Paragraph 7 as they pertain to the named Plaintiffs'

claims against Defendant Dell Inc.

## PARTIES

8.

Defendants admit Dell Inc. is a Delaware corporation with its principal place of business

in Round Rock, Texas.  Defendants deny that Dell Inc. does business in the state of Oregon and

nationwide.

9.

Dell Marketing admits it is a limited partnership organized under the laws of the state of

Texas with its principal place of business in Round Rock, Texas. Dell Marketing also admits it

does business in the state of Oregon and in other states.  Defendant Dell Marketing further

admits it is a subsidiary of Defendant Dell Inc.  Defendants deny the remaining allegations in

Paragraph 9.

---

[1] Dell Inc. reserves the right to filing a Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) if not voluntarily dismissed.

Page 3 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT

10.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 10, and, therefore, they are denied.

11.

Defendant Dell Marketing admits it employed some of the named Plaintiffs as Sales Representatives in Roseburg, Oregon, one of the named Plaintiffs at Round Rock, Texas and two of the Named Plaintiffs at McGregor, Texas.  Defendants deny the remaining allegations in Paragraph 11.

12.

Defendant Dell Marketing admits it employed Plaintiff Norman in Roseburg, Oregon and that Plaintiff Norman attached to the initial Complaint a document marked Exhibit A purporting to consent to being a party Plaintiff to this action. The remaining allegations in Paragraph 12 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 12.

13.

Defendant Dell Marketing admits it employed Plaintiff Romas in Roseburg, Oregon and that Plaintiff Romas attached to the initial Complaint a document marked Exhibit B purporting to consent to being a party Plaintiff to this action. The remaining allegations in Paragraph 10 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 13

14.

Defendants admit that the named individuals in Paragraph 14 have purportedly executed

Page 4 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

and filed Consent forms and some of the individuals were employed at some time at the Roseburg facility.  The remaining allegations in Paragraph 14 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 14.

15.

Defendants admit that some Sales Representatives from some facilities other than Roseburg have purportedly executed and filed Consents. The remaining allegations in this Paragraph 15 are legal conclusions requiring no response, but to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 15.

16.

Defendants admit the named individual in Paragraph 16  purportedly executed and filed consent forms and worked at one time in McGregor, Texas and at one time at the Roseburg facility.   The remaining allegations in Paragraph 16 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 16.

17.

Defendants admit the named individual in Paragraph 17  purportedly executed and filed consent forms and worked at one time in Austin.   The remaining allegations in this paragraph are legal conclusions requiring no response, but, to the extent a response is required, Defendants deny the remaining allegations in Paragraph 17.

Page 5 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## GENERAL ALLEGATIONS

### 18.

Defendants admit that various subsidiaries of Defendant Dell Inc., including Dell Marketing, operate call centers. Call centers are located in Oregon, Idaho, Oklahoma, Tennessee and Texas.

### 19.

Defendant Dell Marketing admits that it employs Sales Representatives who, among other things, correspond with customers by telephone. Defendants deny the remaining allegations in Paragraph 19.

### 20.

Defendant Dell Marketing admits that it classified its Sales Representatives as "non-exempt" and that Sales Representatives are not only eligible for overtime, but receive overtime pay when they work more than 40 hours in a workweek. Defendants deny the remaining allegations in Paragraph 20.

### 21.

Defendant Dell Marketing admits that it uses a computer application called Kronos to assist in recording employees' hours worked. Defendants deny the remaining allegations in Paragraph 21.

### 22.

Defendants deny the allegations in Paragraph 22.

### 23.

Defendant Dell Marketing admits that Sales Representatives may engage supervisors and

Page 6 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

others to assist in reporting their hours worked. Defendants deny the remaining allegations in Paragraph 23.

24.

Defendants deny the allegations in Paragraph 24.

25.

Defendants deny the allegations in Paragraph 25

26.

Defendant Dell Marketing admits that it records Sales Representatives' lunch breaks. Defendants deny the remaining allegations in Paragraph 26.

27.

Defendant Dell Marketing admits that Sales Representatives are, from time to time, asked to take lunch breaks that are less than one hour, but Sales Representatives are properly compensated for their hours worked. Defendants deny the remaining allegations in Paragraph 27.

28.

Defendant Dell Marketing admits that Sales Representatives are, from time to time, asked to take lunch breaks that are less than one hour, but Dell Marketing has policies to and does properly compensate Sales Representatives for their hours worked.  Defendants deny the remaining allegations in Paragraph 28.

29.

Defendants deny the allegations in Paragraph 29.

30.

Defendants deny the allegations in Paragraph 30.


Page 7 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

31.

In response to the allegations in Paragraph 31, Defendant Dell Marketing admits that Sales Representatives may attend meetings at the beginning of their workdays wherein, among other things, products and services are discussed, but Dell Marketing has policies to and does properly compensate Sales Representatives for their hours worked.  Defendants deny the remaining allegations in Paragraph 31.

32.

Defendant Dell Marketing admits Sales Representatives must log into a phone system before they are ready to answer customer calls.  Defendants deny the remaining allegations in Paragraph 32.

33.

Defendants deny the allegations in Paragraph 33

34.

Defendants admit that Sales Representatives in the Roseburg facility were classified as "salaried non-exempt" and paid under the fluctuating work week method of compensation. Defendants deny the remaining allegations in paragraph 34.

35.

The allegations in Paragraph 35 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the allegations in Paragraph 35.

36.

The allegations in Paragraph 36 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the allegations in Paragraph 36.

Page 8 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

37.

Defendants deny the allegations contained in Paragraph 37.

38.

Defendants deny the allegations contained in Paragraph 38.

39.

Defendants deny the allegations contained in Paragraph 39.

40.

Defendants deny the allegations contained in Paragraph 40.

41.

Defendants deny the allegations contained in Paragraph 41.

42.

Defendants admit that Spherion provides Dell Marketing sale representative employees for its Roseburg facility.  Defendants deny the remaining allegations in Paragraph 42.

43.

Defendants admit that Spherion at one time maintained an office at the Roseburg facility.

44.

Defendants deny the allegations contained in Paragraph 44.

## COLLECTIVE AND CLASS ALLEGATIONS

45.

Defendants admit that this action purports to assert FLSA claims and seeks relief on behalf of those other than the named Plaintiffs as an "opt-in" collective action pursuant to 29

Page 9 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

U.S.C. § 216(b). Defendants deny the remaining allegations in Paragraph 45.

46.

Defendants admit that this action purports to assert state law claims and seeks relief on behalf of those other than the first two named Plaintiffs as a class action pursuant to Fed.R.Civ.P. 23. Defendants deny the remaining allegations in Paragraph 46.

47.

The allegations in Paragraph 32 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the allegations in Paragraph 32.

48.

The allegations in Paragraph 48 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the allegations in Paragraph 33.

49.

Defendants admit the Plaintiffs seek to pursue their claims collectively. Defendants deny the remaining allegations in Paragraph 49.

50.

Defendants deny the allegations in Paragraph 50.

51.

Defendants deny the allegations in Paragraph 51.

52.

Defendants deny the allegations in Paragraph 52.

53.

The allegations in Paragraph 38 are legal conclusions requiring no response, but, to the

Page 10 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

extent a reply is required, Defendants deny the allegations in Paragraph 53.

54.

The allegations in Paragraph 54 are legal conclusions requiring no response, but, to the extent a response is required, Defendants deny the allegations in Paragraph 54.

55.

The allegations in Paragraph 55 are legal conclusions requiring no response, but, to the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.

The allegations in Paragraph 56 are legal conclusions requiring no response, but, to the extent a response is required, Defendants deny the allegations in Paragraph 56.

57.

The allegations in Paragraph 57 are legal conclusions requiring no response, but, to the extent a response is required, Defendants deny the allegations in Paragraph 57.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Dell by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

58.

Defendants reassert their answers to Paragraphs 1 through 57 above in answer to Paragraph 58.

59.

Defendant Dell Marketing admits it employed some of the named Plaintiffs and that it is

Page 11 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

an employer under the FLSA. The remaining allegations in Paragraph 59 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 59.

60.

The allegations in Paragraph 60 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the allegations in Paragraph 60

61.

Defendant Dell Marketing admits it employed some of the named Plaintiffs and that it is an employer under the FLSA. The remaining allegations in Paragraph 61 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 61.

62.

Defendants deny the allegations in Paragraph 62.

63.

Defendant Dell Marketing admits it classified and paid Sales Representatives, including some of the named Plaintiffs, as non-exempt employees. The remaining allegations in Paragraph 63 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the remaining allegations in Paragraph 63.

64.

Defendants deny the allegations in Paragraph 64.

65.

Defendants deny the allegations in Paragraph 65.

Page 12 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

66.

Defendants deny the allegations in Paragraph 66.

67.

Defendants deny the allegations in Paragraph 67.

68.

Defendants deny the allegations in Paragraph 68.

## COUNT II

### Violation of Oregon Law

**(Brought Against Defendants by Plaintiffs Individually and in Their Capacity as the Class Representatives on Behalf of All Others Similarly Situated)**

69.

Defendants reassert their answers to Paragraphs 1 through 68 above in answer to Paragraph 69.

70.

Defendants deny the allegations in Paragraph 70.

71.

Defendants deny the allegations in Paragraph 71.

## COUNT III

### Violation of Oregon Law

**(Brought Against Defendants by Plaintiffs Individually and in Their Capacity as the Class Representatives on Behalf of All Others Similarly Situated)**

72.

Defendants reassert their answers to Paragraphs 1 through 71 above in answer to this

Page 13 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Paragraph 72.

73.

Defendants deny the allegations in Paragraph 73.

74.

Defendants deny the allegations in Paragraph 74.

## COUNT IV

### Violation of Oregon Law

**(Brought Against Defendants by Plaintiffs Individually and in Their Capacity as the Class Representatives on Behalf of All Others Similarly Situated)**

75.

Defendants reassert their answers to Paragraphs 1 through 74 above in answer to this Paragraph 75.

76.

The allegations in Paragraph 76 are legal conclusions requiring no response, but, to the extent a reply is required, Defendants deny the allegations in Paragraph 76.

77.

Defendants deny the allegations in Paragraph 77.

78.

Any allegation contained in Plaintiffs' First Amended Complaint which is not expressly admitted above is hereby denied.

Page 14 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

79.

The Court does not have personal jurisdiction over Defendant Dell Inc.

### SECOND AFFIRMATIVE DEFENSE

80.

The Court does not have subject matter jurisdiction over Defendant Dell Inc.  Defendant Dell Inc. was not Plaintiffs' employer.

### THIRD AFFIRMATIVE DEFENSE

81.

The Plaintiffs have failed to state claims upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

82.

The Court does not have supplemental or subject matter jurisdiction over the Plaintiffs' state law claims.

### FIFTH AFFIRMATIVE DEFENSE

83.

Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

00100110.DOC /

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## SIXTH AFFIRMATIVE DEFENSE

### 84.

Without assuming the burden of proof, Defendant Dell Marketing complied with all recordkeeping requirements of the FLSA and Oregon law.

## SEVENTH AFFIRMATIVE DEFENSE

### 85.

The Plaintiffs' claims are estopped by the submission of their own time records, for which Defendant Dell Marketing compensated them for all overtime worked and claimed.

## EIGHTH AFFIRMATIVE DEFENSE

### 86.

Defendant Dell Marketing acted at all times in good faith in attempting to comply with its obligations under the FLSA. Accordingly, liquidated damages are not available or warranted under the provisions of the FLSA.

## NINTH AFFIRMATIVE DEFENSE

### 87.

The Plaintiffs' claims are barred in whole, or in part, by the FLSA's statutes of limitations and the statute of limitations applicable to the Plaintiffs' state law claims.

## TENTH AFFIRMATIVE DEFENSE

### 88.

Without assuming the burden of proof, any violation of the FLSA by Defendant Dell Marketing (which is denied) was not willful, and therefore all claims are limited to a two year limitations period calculated from the date the named Plaintiffs brought suit, or any future

Page 16 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiff files his or her written consent to join this action.

## ELEVENTH AFFIRMATIVE DEFENSE

### 89.

Notwithstanding overtime compensation actually paid, and without assuming liability, Defendant Dell Marketing is entitled to an offset against any amounts due (which are denied), an amount equal to the amount Defendant Dell Marketing paid, or overpaid, the Plaintiffs, including any amounts paid to the Plaintiffs under the "fluctuating workweek" provisions of the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

### 90.

The time for which Plaintiffs seek compensation is de minimus.

## THIRTEENTH AFFIRMATIVE DEFENSE

### 91.

The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

## FOURTEENTH AFFIRMATIVE DEFENSE

### 92.

Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

## FIFTEENTH AFFIRMATIVE DEFENSE

### 93.

Plaintiffs have failed to mitigate their alleged damages.

Page 17 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

94.

Plaintiffs' claims are barred by the doctrines of waiver, estoppel and/or laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

95.

Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release.

## EIGHTEENTH AFFIRMATIVE DEFENSE

96.

Plaintiffs' claims relate in part to alleged time constituting preliminary and postliminary activities under the Portal to Portal Act.

## NINETEENTH AFFIRMATIVE DEFENSE

97.

Plaintiffs have failed to exhaust administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE

98.

OAR 839-020-0050 does not create a private cause of action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

99.

Plaintiffs seek relief under Oregon law which exceeds the maximum statutory remedies.

Page 18 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### 100.

Some of the activities for which Plaintiffs seek compensation were not "work" within the meaning of the Fair Labor Standards Act. Some of the activities were not integral and indispensable to the principal activities of Dell Marketing and/or were taken for Plaintiffs' own convenience.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### 101.

ORS 652.200 bars some or all of Plaintiffs' claims for attorney fees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### 102.

Plaintiffs' claims for penalty wages under ORS 652.150 are barred to the extent that Defendant Dell Marketing's failure, if any, to timely pay wages due upon termination of employment to any Plaintiff (which is denied) was not willful.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### 103.

Defendant Dell Marketing's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

WHEREFORE, Defendants pray for judgment as follows:

1.     For judgment against Plaintiffs on all claims for relief;

2.     For an award of Defendants' reasonable costs, attorneys' fees, and disbursements

Page 19 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

incurred herein; and

      3.      For such further relief as the Court deems just, equitable, and proper.

DATED this 9th day of May, 2007.

                            BARRAN LIEBMAN LLP

                            By                /s/
                                 Richard N. VanCleave, OSB No. 80392
                               Brenda K. Baumgart, OSB No. 99216
                               Telephone: (503) 228-0500
                            Attorneys for Defendants

                            Jeffrey C. Londa, *Pro Hac Vice*
                            jeffrey.londa@ogletreedeakins.com
                            Ogletree Deakins
                            500 Dallas St., Ste. 3000
                            Houston, TX 77002-4709
                            Telephone:  (713) 655-0855; Fax:  (713) 655-0020
                            *Of Counsel for Defendants*

                            Michael W. Fox, *Pro Hac Vice*
                            michael.fox@ogletreedeakins.com
                            Ogletree Deakins
                            301 Congress Avenue, Ste. 1250;
                            Austin, TX 78701
                            Telephone:  (512) 344-4711; Fax:  (512) 344-4701
                            *Of Counsel for Defendants*

Page 20 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2007, I served the foregoing **DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the following parties at the following addresses:

Derek C. Johnson
Douglas G. Schaller
Johnson, Clifton, Larson & Schaller, P.C.
975 Oak Street
Citizen's Building, Suite 1050
Eugene, Oregon 97401

George A. Hanson
Matthew L. Dameron
Stueve Siegel Hanson Woody LLP
330 West 47th Street, Suite 250
Kansas City, MO 64112

ATTORNEYS FOR PLAINTIFFS

By causing the same to be:     ✖ e-mailed     ⭘ mailed     ⭘ hand delivered     ⭘ faxed     to them a true and correct copy thereof.

_____/s/_____
Brenda K. Baumgart

4941642.4 (OGLETREE)

Page 21 – DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212