**Richard N. VanCleave,** OSB No. 80392
rvancleave@barran.com
**Brenda K. Baumgart,** OSB No. 99216
bbaumgart@barran.com
BARRAN LIEBMAN LLP
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile: (503) 274-1212

Attorneys for Defendants
Dell Inc. and Dell Marketing USA, L.P.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAVID NORMAN and WALTER ROMAS, individually, and on behalf of a class of others similarly situated,

Plaintiffs,

v.

DELL INC.; and DELL MARKETING USA, L.P., and

SPHERION CORPORATION,

Defendants.

**CV. 07-6028-TC**

**DEFENDANT DELL INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

This is a collective and class action suit alleging violations of the Fair Labor Standards Act and comparable claims under Oregon state law by Plaintiff David Norman and others against their former employer, Dell Marketing USA, L.P. Plaintiffs also filed this action against the separate corporate entity, Dell Inc.

Defendant Dell Inc. now moves to dismiss the lawsuit because this Court lacks personal jurisdiction over it. Dell Inc. is a foreign corporation, incorporated in Delaware with its headquarters and principal place of business in Round Rock, Texas. Dell Inc. has never been a corporate citizen of the State of Oregon, nor has it been chartered, licensed, or otherwise authorized to do business in Oregon. It has no employees, operations, facilities, real property, or personal property in Oregon. Further, it has not conducted business activities in Oregon that in any way related to Plaintiffs' claims.

Because this Court lacks personal jurisdiction over Defendant Dell Inc., the Complaint against it should be dismissed with prejudice under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS

Dell Inc. is a foreign corporation. It is incorporated in Delaware and its headquarters and principal place of business is in Round Rock, Texas. (*See* Affidavit of Thomas H. Welch, Jr. at ¶ 5.) Dell Inc. is not a corporate citizen of the State of Oregon. (Welch Aff., ¶ 6.) It is not authorized, chartered, licensed, or otherwise registered to do business in Oregon. (Welch Aff., ¶ 6.)

Dell Inc. is a holding company for various other domestic and foreign corporations. (Welch Aff., ¶ 7.) It has not had employees, operations, facilities, or real or personal property in Oregon. (Welch Aff., ¶ 8.) This includes the individuals who are plaintiffs in this suit who were employed by either Dell Marketing USA, L.P. or Spherion, Inc. (or both).

Dell Inc. has not transacted any business in the State of Oregon related to Plaintiffs' claims or otherwise. (Welch Aff., ¶ 8.) It has not processed, serviced, or manufactured products or things in the ordinary course of trade in Oregon; has not sold goods or products that were distributed, used or consumed in Oregon; and has not negotiated or entered into any contracts in Oregon or that called for performance in Oregon. Nor has it negotiated or entered into any



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

contracts in Oregon with Oregon residents. (Welch Aff., ¶ 9.) Further, the Dell Defendants are two functionally independent, separate, and distinct corporate entities. (Welch Aff., ¶ 8.)

## III. PROCEDURAL HISTORY

Plaintiffs filed a Complaint in this action on February 8, 2007, alleging violations of the FLSA and related state law claims. Defendants Dell Inc. and Dell Marketing USA, L.P. f/k/a Dell Catalog Sales USA L.P. filed their Original Answer on March 9, 2007. Dell Inc. asserted that it was not subject to personal jurisdiction. (Original Answer, ¶ 3.)

Defendants subsequently consented to Plaintiffs' filing of a First Amended Complaint to, among other things, add Spherion, Inc. as a defendant. Defendants requested that Plaintiffs consider dismissing Dell Inc. from this lawsuit because of the lack of personal jurisdiction. On March 2, 2007, Plaintiffs filed their First Amended Original Complaint with Dell Inc. still a party. Dell Inc. and Dell Marketing USA, L.P. filed their Amended Answer on March 30, 2007. Dell Inc. again asserted that it was not subject to personal jurisdiction. (First Amended Answer, ¶ 5.)

At the Rule 26(f) scheduling conference between counsel for the parties and again at the Rule 16 Scheduling Conference with the Court, Defendants again asked Plaintiffs to voluntarily dismiss Dell Inc. for lack of personal jurisdiction. Defendants recently made one final request to Plaintiffs to dismiss Dell Inc. and Plaintiffs have declined to do so, necessitating the filing of a Motion to Dismiss.

## IV. LEGAL ARGUMENT

### A. The Court Should Dismiss the Complaint Against Dell Inc. for Lack of Personal Jurisdiction.

Plaintiffs bear the burden of demonstrating jurisdiction by a preponderance of evidence. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-1129 (9th Cir.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

2003). In order to establish personal jurisdiction, a plaintiff must show that (1) the forum state's long-arm statute confers personal jurisdiction over the out-of-state defendants; and (2) the exercise of jurisdiction does not violate federal constitutional principles of due process. *Fireman's Fund Ins. Co. v. National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994). Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, even if none of the specific rules concerning jurisdiction is satisfied. *See* ORCP 4 L; *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 657 P.2d 211, 212 (1982); *See Tanner v. Illinois Tool Works*, 1996 U.S. App. LEXIS 5378 (9th Cir. 1996).

"The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations'." *Burger King Co. v. Rudzewicz*, 471 U.S. 462, 471 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Due process requirements are met if there are at least minimum contacts between the defendant and the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts must be demonstrated through facts supporting either general or specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction refers to the authority of a court to hear any action involving a defendant, regardless of whether the cause of action arose from the defendant's activities within the forum state. *Helicopteros*, 466 U.S. at 415. To support such general jurisdiction the defendant must have "continuous and systematic" contacts with the forum state. *Id*. at 416; *Cascade Corp. v. Hiab-Foco AB*, 619 F.2d 36 (9th Cir. 1980).



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

When, as here, a foreign defendant's activities in the state are neither substantial nor continuous and systematic, so there is no general jurisdiction, the forum state may exercise only specific personal jurisdiction, the exercise of which depends upon the nature and quality of the defendant's contacts in relation to the cause of action. *Colonial Leasing Co. v. Pugh Bros. Garage*, 735 F.2d 380, 383 (9th Cir. 1984). Regardless of whether jurisdiction is general or specific, the minimum contacts necessary to confer jurisdiction only exist when a defendant's "conduct and connection with the forum state [is] such that [it] should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474.

As explained in more detail below, Plaintiffs cannot demonstrate that Dell Inc. has sufficient contacts with the State of Oregon to support either general or specific jurisdiction that it could be "reasonably expected to be haled into court" in Oregon.

**1. General Jurisdiction Does Not Exist Over Dell Inc.**

General jurisdiction is consistent with due process only when a plaintiff has satisfied the "rigorous" burden of establishing that the non-resident defendant maintains "substantial" or "continuous and systematic" contacts with the forum. *See Helicopteros*, 466 U.S. at 414-416; *see also Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986) (stating that the burden of proving general jurisdiction is "fairly high in practice"). Although the Ninth Circuit has not provided a precise checklist of factors, it considers the "longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets" of corporate defendants when deciding whether its contacts are sufficient to warrant the exercise of general jurisdiction. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006).

Here, Plaintiffs cannot establish general jurisdiction over Dell Inc. because it does not have "substantial" or "continuous and systematic contacts" with the State of Oregon. In fact, it has no such contacts. Dell Inc. is a Delaware corporation and its principal place of business is in



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Round Rock, Texas. Dell Inc. owns no real property in Oregon; owns no personal property in Oregon; has no employees in Oregon; has never transacted business in Oregon; maintains no bank accounts in Oregon; and does not maintain or designate an office, representative, agent for service of process, or telephone number in Oregon. (Welch Aff., ¶¶ 5-8).

General *in personam* jurisdiction cannot be imputed to Dell Inc. through its subsidiary Dell Marketing USA, L.P.'s alleged "continuous and systematic" contacts with Oregon. It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes. *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001); *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985). As a general proposition, a nonresident parent's interaction with a subsidiary does not result in the subsidiary's forum having general jurisdiction over the parent unless those interactions are sufficient to meet the exceptions of the "alter ego" or "general agency" tests for jurisdiction; otherwise, "a nonresident parent would be subject to jurisdiction in every state where it has a subsidiary, which is not now and never has been the case." *Doe*, 248 F.3d at 928-30; *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405-06 (9th Cir. 1994); *Cai v. DaimlerChrysler AG*, 2007 U.S. Dist. LEXIS 24374 (D. Or. 2007).

The level of contact necessary with the forum state to establish general jurisdiction is "quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990). Bare minimum contacts will not be sufficient to assert general jurisdiction over a foreign defendant. *See e.g. Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1984) (no general jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum, and extensive communication with forum); *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (holding that there was no general jurisdiction where foreign corporation solicited orders, promoted products to potential customers through the mail and through showroom displays, and attended trade shows and sales meetings).



**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Here, Plaintiffs cannot show that Dell Inc. had any contacts with Oregon, much less contacts that could be considered "substantial" or "continuous and systematic" as required to meet their burden of proof. Accordingly, the Court cannot exercise general personal jurisdiction over Dell Inc.

**2. Specific Jurisdiction Does Not Exist Over Dell Inc.**

Since general jurisdiction does not exist, it is Plaintiffs' burden to prove that Dell Inc. is subject to specific jurisdiction. A three-part test is used to determine whether the exercise of specific jurisdiction comports with due process: (1) Defendant must have done some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of Defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Core-Vent,* 11 F.3d at 1485; *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

To determine the "personal availment" requirements, courts look to whether Defendant's conduct and connection with the forum state are such that Defendant should reasonably anticipate being haled into court there. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995). Purposeful availment requires that Defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. *Gray*, 913 F.2d at 760. Courts focus on the affirmative conduct of Defendant to ensure that Defendant is not brought into court as the result of random, fortuitous or attenuated contacts. *Id.* A defendant has purposely availed itself of the benefits of a forum if it has "deliberately engaged in significant activities within a State or has created 'continuing obligations' between itself and the residents of the forum." *Id.* (quoting *Burger*, 471 U.S. at 475-76).

As shown above, Dell Inc. has not engaged in any activity within Oregon, much less any significant activities.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

Plaintiffs also cannot demonstrate that their claims arise out of Dell Inc.'s forum-related activities. In analyzing whether a cause of action arose from a defendant's continuing efforts to solicit business in the forum state, the Ninth Circuit adopted a "but for" test. *Shute*, 897 F.2d at 385. Since Dell Inc. is a holding company that has no employees, operations, facilities, real property, or personal property in the State of Oregon, and since Dell Inc. has never transacted any business in Oregon nor has it made the employment decisions that are the subject of Plaintiffs' suit, Plaintiffs cannot demonstrate that their causes of action would not have arisen "but for" the activities of Dell Inc.

Plaintiffs make only conclusory allegations that Dell Inc. has done business in the State of Oregon. (*See* "Amended Complaint" ¶ 8.) These types of vague and unsubstantiated allegations are not sufficient to meet Plaintiffs' burden of proving that grounds exist to support specific personal jurisdiction. *See Terracom*, 49 F.3d at 562.

Before a court can determine whether the assertion of personal jurisdiction is reasonable and comports with traditional notions of "fair play and substantial justice," it must first conclude that a defendant purposefully established minimum contacts with a forum state and that the claims at issue arise from those contacts. *Doe*, 248 F.3d at 925 (quoting *International Shoe*, 326 U.S. at 326). Since Plaintiffs cannot establish either purposeful availment or a "but for" relationship between their causes of action and the activities of Dell Inc., the Court does not need to reach the third prong of the specific jurisdiction test. (*See Id.* at 925).

Given the absence of any evidence connecting Dell Inc. to this forum or to the issues in this case, this Court clearly does not have personal jurisdiction over it.



BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## V. CONCLUSION

Based upon the foregoing, Defendant Dell Inc. prays that its Motion to Dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure be granted and that the Court will dismiss the Complaint against it for lack of personal jurisdiction.

DATED this 29th day of February, 2008.

BARRAN LIEBMAN LLP

By s/*Brenda K. Baumgart*
Richard N. VanCleave, OSB No. 80392
Brenda K. Baumgart, OSB No. 99216
Telephone: (503) 228-0500
Attorneys for Defendants Dell Inc. and Dell Marketing USA, L.P.

and

Jeffrey C. Londa, *Pro Hac Vice*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, TX 77002-4709
Phone: 713-655-5750
Facsimile: 713-655-0020
E-mail: Jeff.Londa@ogletreedeakins.com
*Of Counsel for Defendants*

Michael W. Fox, *Pro Hac Vice*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Suite 1250
Austin, TX 78701
Phone: 512-344-4700
Facsimile: 512-344-4701
E-mail: Mike.Fox@ogletreedeakins.com
*Of Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of February, 2008, I served the foregoing **DEFENDANT DELL INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** on the following parties at the following addresses:

Derek C. Johnson
Douglas G. Schaller
Johnson, Clifton, Larson & Schaller, P.C.
975 Oak Street
Citizen's Building, Suite 1050
Eugene, Oregon 97401

George A. Hanson
Matthew L. Dameron
Stueve Siegel Hanson Woody LLP
330 West 47th Street, Suite 250
Kansas City, MO 64112

ATTORNEYS FOR PLAINTIFFS

Craig J. Capon
Christine Nesbit
Harrang Long Gary Rudnick P.C.
360 East 10th Ave., Suite 300
Eugene, OR 97401-3248

Samuel T. McAdam
Alfred L. Sanderson, Jr.
Joel Van Parys
Seyfarth Shaw LLP
400 Capitol Mall, Suite 2350
Sacramento, CA 95814-4428

ATTORNEYS FOR DEFENDANT SPHERION CORPORATION

By causing the same to be: **x** e-mailed **o** mailed **o** hand delivered **o** faxed to them a true and correct copy thereof.

s/*Brenda K. Baumgart*___________
Brenda K. Baumgart





**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212