**Craig J. Capon**, OSB #98192
craig.j.capon@harrang.com
**Christine Nesbit**, OSB #97349
Christine.nesbit@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, Oregon  97401-3248
Telephone:  (541) 485-0220
Facsimile:  (541) 686-6564

**Gerald L. Maatman, Jr.** (*pro hac vice*)
Email:  gmaatman@seyfarth.com
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

**Samuel T. McAdam** (*pro hac vice*)
Email: smcadam@seyfarth.com
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:  (916) 448-0159
Facsimile:  (916) 558-4839

Attorneys for Defendant
SPHERION CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DAVID NORMAN and WALTER ROMAS, individually, and on behalf of a class of others similarly situated, | Case No.  07-6028-TC |
| **Plaintiffs,** | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COLLECTIVE AND CLASS ACTION CLAIMS AND TO DISMISS CLAIMS BY OPT-IN PLAINTIFFS by Defendant Spherion Corporation** |
| DELL INC., a Texas corporation; and DELL CS, L.P., a Texas limited partnership; | |
| **Defendants.** | |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COLLECTIVE AND CLASS ACTION CLAIMS AND TO
DISMISS CLAIMS BY OPT-IN PLAINTIFFS by Defendant Spherion Corporation

SCI 17091355.1

## INTRODUCTION

This is Defendant Spherion Corporation's Motion to Dismiss plaintiffs' collective and class action claims and all claims by the opt-in plaintiffs against Spherion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction. Although plaintiffs' claims are styled as a collective and class action, plaintiffs did not move to certify collective and class action claims as to defendant Spherion. Plaintiffs failure to file a motion for certification pursuant to the Court's scheduling order is fatal, and as a result, all collective and class action claims against Spherion and all claims by the opt-ins for violations of wage hour laws alleged to have occurred while they were employed by Spherion at Dell call centers should be dismissed.

## STATEMENT OF FACTS

Spherion Corporation ("Spherion") is a staffing company, providing a wide variety of staffing and recruiting services to clients throughout the United States. Spherion is headquartered in Florida. Over the years, it has contracted with defendant Dell Marketing USA, L.P. ("Dell") to staff various call centers, among other projects. During the relevant time periods, Spherion recruited and hired call center representatives at Dell's various facilities throughout the country, including the call center in Roseburg, Oregon. (McAdam Dec. ¶ 2.)

2

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COLLECTIVE AND CLASS ACTION CLAIMS AND TO DISMISS CLAIMS BY OPT-IN PLAINTIFFS by Defendant Spherion Corporation

SC1 17091355.1

On February 8, 2007, plaintiffs David Norman and Walter Romas filed their

"Complaint, Class Action Allegation, Fair Labor Standards Act, Demand for Jury

Trial" against Dell, Inc. and Dell CS, L.P." (Docket 1.)  On April 20, 2007,

plaintiffs filed a First Amended Complaint, naming Spherion as a defendant in this

action. (Docket 93.)  Plaintiffs brought their suit "individually on behalf of others

similarly situated."  The two named plaintiffs alleged various violations of the Fair

Labor Standards Act (FLSA) and Oregon State law and based their collective and

class allegations on 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, respectively.  On

May 10, 2007, Spherion filed its Answer. (Docket 116.)

On September 17, 2007, the Court issued a scheduling order, setting a

deadline for discovery of December 17, 2007 and a deadline for plaintiffs' motion

for collective and class certification of January 16, 2008. (Docket 144.)  As a

result, the parties conducted extensive discovery.  On January 17, 2008, the Court

extended plaintiffs' deadline to file their motion for collective and class

certification to January 25, 2008. (Docket 204.)  On January 25, the plaintiffs filed

their motion entitled, "Plaintiffs' Motion for Certification under 29 U.S.C. § 216(b)

and Federal Rule of Civil Procedure 23." (Docket 205.)

Plaintiffs, however, only moved for certification of collective and class

action claims against Dell and did not seek to certify either against Spherion.

(Docket 206, p. 1.)  In their motion, plaintiffs specifically sought "to conditionally

3

certify a collective action consisting of all consumer sales representatives who were employed by Dell and worked at a Dell call center between February 8, 2004, and the present." (Docket 205, p. 2.) Plaintiffs further illustrated their intent in footnote 1 of their brief by stating "[a]t this juncture, plaintiffs move for certification only against Dell, Inc. and Dell Marketing USA, L.P. (collectively "Dell")." (Docket 206, p. 1.) There is not a single mention of Spherion in the 31 page brief. (*See id.*)

On January 30, 2008, defense counsel for Spherion, Sam McAdam met and conferred with plaintiffs' counsel George Hanson regarding plaintiffs' intent not to file a motion for certification against Spherion. (McAdam Dec. ¶ 3.) Hanson confirmed that it was no oversight and plaintiffs did not intend to file the motion against defendant Spherion. (McAdam Dec. ¶ 3.) McAdam then asked Hanson to file a dismissal of the collective and class claims and all claims by the opt-ins against Spherion. (McAdam Dec. 3.) Hanson said he would consider doing so and would get back to McAdam within one week. (McAdam Dec. ¶ 3.) Since that time, Spherion has heard nothing further from plaintiffs' counsel and therefore brings this motion. (McAdam Dec. ¶ 3.)

/ / /

/ / /

/ / /

4

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COLLECTIVE AND CLASS ACTION CLAIMS AND TO DISMISS CLAIMS BY OPT-IN PLAINTIFFS by Defendant Spherion Corporation

SCI 17091355.1

## **ARGUMENT**

### A.    **Plaintiffs Failed to File a Timely Motion As Required by the Court's Scheduling Order.**

The first basis for dismissing all collective and class claims against Spherion and dismissing all claims by the opt-ins against Spherion is the fact that plaintiffs have failed to file a motion for class certification by the date set by the Court to do so. Given the Court's scheduling order, the time has passed for plaintiffs to assert collective and class claims against Spherion. (*Johnson v. Mammoth Recreations*, 975 F.2d. 604, 610-611 (9th Cir. 1992). According to their counsel, plaintiffs here have intentionally let the deadline to file pass. As noted in *Johnson*, the failure to file a timely motion is fatal:

A scheduling order" is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."
*Gestetner Corp.,* 108 F.R.D. at 141. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control it docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its

standards may not be short-circulated by an appeal to those of Rule 15.
*Forstmann,* 114 F.R.D. at 85; *Financial Holding Corp.,* 127 F.R.D at
166; *see also Riofrio Anda v. Ralston Purina Co.,* 959 F. 2d 1149, 1155
(1st Cir., 1992) (permitting amendment under Rule 15(a) in violation of
district court scheduling order "would have nullified the purpose of rule
16(b)(1)").

(*Johnson,* at 610-11.) For this independent reason, dismissal of the claims
against Spherion is proper.

**B.    Plaintiffs Lack Standing To Assert A Collective Action Under the FLSA and the Opt-Ins Lack Standing to Pursue Individual Claims.**

The fact that plaintiffs did not file a motion for certification leads to the
conclusion that the plaintiffs lack standing to bring collective and class claims and
the opt-ins lack standing to pursue any claim against Spherion. In their First
Amended Complaint, plaintiffs assert that this Court has jurisdiction over the
federal claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and that this
Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, or
alternatively, under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Docket
93.) To maintain a collective action under the Fair Labor Standards Act, however,
plaintiffs must demonstrate that they are "similarly situated." (*See* 29 U.S.C. §
216(b).) Section 216(b) specifically states: "[A]n action to recover the liability

6

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COLLECTIVE AND CLASS ACTION CLAIMS AND TO
DISMISS CLAIMS BY OPT-IN PLAINTIFFS by Defendant Spherion Corporation

SCI 17091355.1

prescribed may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." (29 U.S.C. § 216(b) (2000).) The statute continues: "No employee shall be a party plaintiff until any such consent is filed in the court in which such action is brought." (*Id.*) The procedural vehicle used to demonstrate that the opt-in plaintiffs and named plaintiffs are similarly situated is the certification motion. By not filing such a motion, plaintiffs have failed to submit any evidence to support such claims of class certification, in effect, abandoning their 216(b) claim.

Because this case can no longer be considered a class or collective action against Spherion, the Court lacks subject matter jurisdiction over the 216(b) collective action claim and the opt-in plaintiffs. Spherion asserted lack of subject matter jurisdiction as an affirmative defense in its Answer. (Docket 116, p. 14, ¶ 101.) This motion is timely brought because under Federal Rule of Civil Procedure 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Fed. R. Civ. P. 12 (h)(3).)

7

Lack of subject matter jurisdiction may be raised by the parties, or by the court sua sponte, at any time. (*See Elvig v. Calvin Presbyterian Church*, 375, F. 3d. 951, 955, fn. 1 (9th Cir. 2004); *Augustine v. United States*, 704 F. 2d 1074, 1075, fn. 3 (9th Cir. 1983).) A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. (*See Waltz v. United States,* 2008 U.S. Dist. LEXIS 6131, at \*8 (E.D. Cal. Jan. 16, 2008); *Ynclan v. Dep't of the Air Force*, 943 F. 2d 1388, 1390 (5th Cir. 1991).) The burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction. (*See Sopcak v. Northern Mountain Helicopter Serv.,* 52 F. 3d. 817, 818 (9th Cir. 1995); *Thornhill v. Pub. Co. v. General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).)

Moreover, the opt-in plaintiffs' claims must be dismissed since they no longer have standing in this action to pursue their individual claims against Spherion. As of February 23, 2008, there were 184 individuals who have opted-in into this lawsuit under the opt-in rules of the Fair Labor Standards

Act; of those 184, 113 were Spherion employees at one time. (McAdam Dec. ¶ 4.) By filing a consent form with the Court, they consented to join a collective action brought by the named plaintiffs, Walter Romas and David Norman. However, once a collective action has been abandoned, the power of the consent is moot and the opt-ins no longer have standing in such an action to pursue individual claims. (*See Huang v. Gateway Hotel Holdings,* 2008 U.S. Dist. LEXIS 773, at *9 (E. D. Mo. Jan 7, 2008).) In other word, as a matter of law, the opt-ins only standing in the case is for the purpose of consenting to Ramos and Norman representing them in a collective action. Once Ramos and Norman decide not to carry out that role, then the opt-ins have no standing in the action and their claims against Spherion must be dismissed. It follows that all claims for wage hour violations that occurred while the opt-ins worked at a Dell call center for Spherion should be dismissed.

This situation, where plaintiffs chose not to file a certification motion against Spherion, is akin to cases where courts have denied conditional certification. In such cases, the court typically dismisses the opt-in plaintiffs' claims. (*See Parler v. KFC Corp.,* 2007 U.S. Dist. LEXIS 43354 t *7 (D.

9

Minn 2007); *Williams v. Accredited Home Lenders, Inc.,* 2006 U.S. Dist.

LEXIS 50653 at * 16 (N.D. Ga. 2006); (*Salinas v. O'Reilly Automotive, Inc.*

2005 U.S. Dis. LEXIS 45736 (N.D. Tex. 2005); (*Robinson v. Dolgencorp,*

*Inc.,* 2006 U.S. Dis. LEXIS 85471 at *27 (M.D. Fla. 2006).)

Wright & Miller have agreed with this conclusion.  The court in

*Chabrier v. Wilmington Fin., Inc.* 2006 U.S. Dist. LEXIS 90756 (E.D. Penn.

2006) cited Wright & Miller:  "If final certification is not granted, the court

decertifies the class, dismisses the opt-in plaintiffs without prejudice and

permits any remaining individuals to proceed to trial.  If final certification is

granted, the action proceeds to trial on a representative basis.  Wright &

Miller, § 1807 at p. 4."

**C.    Plaintiffs Lack Standing for Rule 23 Class Action Oregon State Law Claims.**

The Court should also dismiss all Oregon State Law class claims

against Spherion for plaintiffs' failure to file a timely motion for certification.

Plaintiffs have not met their burden under Rule 23 (a) and (b) to certify a

class, and their class claims cannot be saved at a later date because of their

failure to comply with the Court's scheduling order.[1]  Rule 23(c)(1) provides

that the class certification must be determined at the earliest practicable time

after filing of the complaint.  (F. R. Civ. P. 23(c)(1); *Black Panther Party v.*

*Smith,* 213 U.S. App. D.C. 67, 661 F.2d 1243, 1279 (D.C. Cir. 1981)

(affirmed dismissal of denial of class certification on untimeliness grounds),

vacated memo., 458 U.S. 1118, 102 S. Ct. 3505, 73, L. Ed. 2d 1381 (1982)

(vacated on grounds unrelated to dismissal of class claims).)  Fundamental

fairness, as well as the orderly administration of justice, requires that a

defendant know with certainty at the date set by the court whether it is

subject to the claims of two individuals or a class of hundreds.  Here,

plaintiffs have no reason to have not filed their motion against Spherion and

---

[1]   There is ample legal authority to support this conclusion. (*See Grandson v. Univ. of Minn.,* 272 F.3d 568, 574 (8th Cir. 2001) (affirmed order striking class allegations because plaintiffs failed to file a motion for class certification prior to the deadline for dispositive motions); *Rawson v. Ducommun Metals Co.,* 30 Fed. R. Serv. 2d (Callaghan) 1199 (C.D. Cal. 1980) (court granted a motion to decertify the proposed class after the plaintiff failed to file a motion for class certification under Rule 23 in a Title VII case); *Burkhalter v. Montgomery Ward & Co.,* 676 F.2d 291, 295 (8th Cir. 1992) (affirmed dismissal of class allegations where plaintiff filed a class action race discrimination claim but failed to file a motion for class certification within the timeframe set by the pre-trial order); *Harris v. Borg,* 2007 U.S. Dist. LEXIS 73356, at *9-10 (M.D. Ala. Sept. 28, 2007) (court granted defendant's motion to dismiss the class action claims after plaintiff failed to file a timely motion for class certification in accordance with the court's scheduling order).

SC1 17091355.1

as such the class claims must be dismissed. (*Coffin v. Secretary of Health, Education and Welfare,* 400 F. Supp. 953, 956-57, n. 19 (D.D.C. 1975).)

## CONCLUSION

For these reasons, the Court should issue an order (1) dismissing all collective and class action claims against Spherion and (2) dismissing all claims by the opt-in plaintiffs against Spherion. As a result, no claims should go forward by plaintiffs on a collective or class basis for alleged violations of wage hour laws that occurred during the time period the opt-ins were employed by Spherion at the Dell call centers.

Dated: February 29, 2008                **SEYFARTH SHAW LLP**


                    ___/s/ Samuel T. McAdam_____
                    **Samuel T. McAdam** *(pro hac vice)*
                    Email: smcadam@seyfarth.com
                    SEYFARTH SHAW LLP
                    400 Capitol Mall, Suite 2350
                    Sacramento, California 95814-4428
                    Telephone: (916) 448-0159
                    Facsimile: (916) 558-4839

                    Attorneys for Defendant SPHERION
                    CORPORATION

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COLLECTIVE AND CLASS ACTION CLAIMS AND TO DISMISS CLAIMS BY OPT-IN PLAINTIFFS by Defendant Spherion Corporation
SCI 17091355.1