IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID NORMAN and WALTER ROMAS,
individually and on behalf of a class of others
similarly situated,

      Plaintiffs,

v.

DELL INC.; and DELL MARKETING USA, L.P.,
and
SPHERION CORPORATION,

      Defendants.

Civil No. 07-6028-TC

ORDER

COFFIN, Magistrate Judge:

## Introduction

Plaintiffs in this action assert violations of the Fair Labor Standards Act (FLSA) and Oregon law. Plaintiffs are consumer sales representatives (CSRs) who work or have worked for Dell. CSRs sell Dell computers to individuals over the telephone.

Presently before the court is plaintiffs' motion (#205) for certification which consists of several parts. Defendants oppose such motion.

Plaintiffs first move for an order conditionally certifying plaintiffs' claims under 29 U.S.C. § 216(b) of the FLSA. Plaintiffs seek to conditionally certify a collective action consisting of all CSRs who were employed by Dell and worked at a Dell call center between February 8, 2004, and the present. As discussed below, virtually all of such motion is allowed.

Plaintiffs also move for an order certifying plaintiffs' claims under Oregon law under Fed. R. Civ P. 23. Plaintiffs seek to certify a class consisting of all persons who worked for Dell as CSRs at Dell's Roseburg, Oregon call center between February 8, 2004, and August 4, 2007. Such motion is denied without prejudice to refile after the period to opt-in to the collective action has expired. The parties shall then provide information regarding opt-in activity during the collective action opt-in period and analyze how such affects plaintiffs' motion under Fed. R. Civ P. 23.

## Legal Background

The court's determination of whether a collective action is appropriate is discretionary. In re Wells Fargo Home Mortgage Overtime Pay Litigation, 527 F. Supp. 2d 1053, 1070 ( N.D. CA 2007) (citations omitted). Plaintiffs' bear the burden of showing that they and the proposed class are similarly situated for purposes of 29 U.S.C. § 216(b). Id. The term "similarly situated" is not defined under the FLSA and the Ninth Circuit has yet to address the issue. Id. In interpreting the term "similarly situated," this court will follow the two-tiered case-by-case approach. Such approach has been adopted by a majority of courts, including three circuit courts. Id.

The first step under the two-tiered approach considers whether the proposed class should be given notice of the action. Id. This decision is based on the pleadings and affidavits submitted by the parties. Id. The court makes this determination under a fairly lenient standard due to the limited amount of evidence before it. Id. The usual result is class certification. Id. In the second step, the

2 - ORDER

party opposing the certification may move to decertify the class once discovery is complete and the case is ready to be tried. Id. If the court finds that the parties are not similarly situated at that step, the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. Id.

Courts have held that conditional certification requires only that plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision. Id. Under this lenient standard, plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations. Id.

## Discussion

Plaintiffs allege that Dell's unlawful policies and practices include:

1) misclassification of CSRs as "salaried nonexempt" and misapplication of the "fluctuating workweek" method of paying overtime(FWW) ;

2) failing to properly account for and pay incentive compensation; and

3) consistently requiring CSRs to perform integral and indispensable job activities without compensation, i.e., working off the clock.

Dell states that, with one exception, Dell classified all full time CSRs as "salaried non-exempt" employees and paid them under the FWW method of compensation prior to May 14, 2007, at the Roseburg, Oregon call center, until August 4, 2007, at the McGregor, Texas call center and until October 29, 2007, at all other call centers. P. 4 of Dell's Opposition (#224, with underlying support cited therein). Thereafter, CSRs were classified as 'hourly nonexempt" employees, and they were not paid under the FWW method of compensation. Id.

Plaintiffs have adequately shown that Dell's policies and practices related to CFRs' compensation is uniform for virtually all class putative class members. Plaintiffs have submitted

3 - ORDER

evidence indicating a significant degree of commonality among the experiences of CFRs and that virtually all of them can be considered to be similarly situated at his time.[1] Although Dell raises issues regarding the reliability of this evidence, plaintiffs' factual showing (which includes substantial allegations, i.e., nonconclusory allegations that have some factual basis beyond mere averments in the complaint) satisfies the lenient standard warranting conditional certification of this collective action.

Dell argues that if there is certification it should be limited to: 1) claimants who were considered full-time employees; 2) claimants who were considered non-SRS queue employees(explained below); and 3) claimants who worked in Oregon. As previously stated, plaintiffs seek to conditionally certify a collective action consisting of all CSRs who were employed by Dell and worked at a Dell call center in any state between February 8, 2004, and the present.

Full-Time Employees

Dell states that it employs both part-time and full-time CSRs. Part-time CSRs regularly work less than forty hours per week; full-time CSRs include employees who regularly work forty or more hours per week. P. 5 of Dell's Opposition. Part-time employees are paid on an hourly basis. They are not classified as "salaried non-exempt," and accordingly, they are not and were never paid pursuant to the FWW method of compensation. Id. Of the approximately 1,300 CSRs employed at any one time, less than 50 are part-time employees. Plaintiffs have not met their burden of showing that they and part-time employees are similarly situated. As such, part-time employees shall not be included in the conditionally certified collective action.

---

[1] For example, see p.p. 7-8 of Plaintiffs' Reply (#245) and the support cited therein.

4 - ORDER

Non-SRS Queue Employees

Dell states that it generally organizes its CSRs into three work units called queues and that in Roseburg, Oregon, and only Roseburg, there was an additional queue known as an SRS queue. P. 3 of Declaration of Elizabeth Shawn Maurice (#226). Dell states that the CSRs in the SRS queue were never paid under the FWW method of paying overtime. Id. Plaintiffs have not met their burden of showing that they and CSRs who were in the SRS queue were similarly situated. As such, employees who were solely on the SRS queue shall not be included in the conditionally certified collective action.

Employees From Multiple States, Not Just Oregon

Dell seeks to limit the conditional certification to Oregon employees. However, as set forth by plaintiffs, the policies and practices for CSRs were not unique to Oregon. See p.p. 20-21 of Reply (#245). Individuals who were or are employed in Oregon, Texas, Tennessee and Oklahoma may be included in the conditionally certified collective action.

All of Dell's other arguments have been considered and found unpersuasive at this time.

Conclusion

Plaintiffs motion (#205) for certification is allowed in part and denied without prejudice in part as described below.

Plaintiffs' motion to conditionally certify plaintiffs' claims as a collective action under 29 U.S.C. § 216(b) of the FLSA is allowed to the extent the conditional collective action may consist of any full-time, non-SRS queue CSRs who are or were employed by Dell at any Dell call center between February 8, 2004 and the present. The parties shall confer and within 20 days of this order plaintiffs shall submit a form of notice and other appropriate papers to facilitate this order. Dell shall have 11 days thereafter to make a filing indicating agreement with the papers or objections thereto. The

5 - ORDER

notice will ultimately be controlled by and issued on behalf of this court. Within 30 days Dell shall prepare a computer readable data file containing the names, last known mailing addresses, telephone numbers, work locations and dates of employment for the putative members of the FLSA collective action as set forth in the first sentence of this paragraph. Social Security numbers shall not be included.

Plaintiffs' motion for an order certifying plaintiffs' claims under Oregon law under Fed. R. Civ P. 23 is denied without prejudice to refile after the period to opt-in to the collective action has expired. The briefing related to such motion shall be new and focused and address, among other things, the opt-in activity during the collective action opt-in period. The briefing shall also discuss the recently decided Gafur case. ( Defendants argued in a letter to the court that such case may preclude some of plaintiffs' state claims.)

IT IS SO ORDERED.

DATED this 10<sup>t</sup> day of July, 2008

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 - ORDER